```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


XUN LI,                           *    Case No. 10-CV-1843(DLI)
                                  *
              Plaintiff,          *    Brooklyn, New York
                                  *    December 20, 2010
      v.                          *
                                  *
HEALTH PLUS PREPAID HEALTH        *
  SERVICES PLAN, INC.,            *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * *

       TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
             BEFORE THE HONORABLE STEVEN M. GOLD
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:              RACHEL M. BIEN, ESQ.
                                Outten & Golden LLP
                                3 Park Avenue, 29th floor
                                New York, NY  10016


For the Defendant:              WENDY J. MELLK, ESQ.
                                Jackson Lewis, LLP
                                58 South Service Road
                                Suite 410
                                Melville, NY  11747
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
 1              (Proceedings commenced at 11:33 a.m.)
 2              THE COURT:  Good morning. It's Judge Gold. How
 3    are you?  This is Li v. Health Plus Prepaid Health
 4    Services, 10-CV-1843.
 5              May I have an appearance for plaintiffs.
 6              MS. BIEN:  Rachel Bien of Outten and Golden.
 7              THE COURT:  Hi, Ms. Bien.
 8              MS. BIEN:  Hi. How are you?
 9              THE COURT:  I'm well.  And for the defendants.
10              MS. MELLK:  Wendy Mellk from Jackson Lewis.
11              THE COURT:  M-E-L-L-K.
12              MS. MELLK:  Two L's.  Thank you.
13              THE COURT:  Got it.
14              I'm looking at Ms. Mellk's letter of December
15    10th and I just want to make sure I understand a few
16    things before we get into the one controverted question.
17              First of all, although there's an agreement that
18    the case may proceed against 216(b), it's not part of a
19    settlement.
20              It's simply -- we're agreed on the procedure for
21    going forward.
22              Am I correct on that?
23              MS. BIEN: Yes. I believe so.  This is Rachel
24    Bien.
25              THE COURT:  Okay.  Number two, I've been
```

1  confronted lately with a fair number of FLSA cases that
2  did not seek -- well, let me rephrase that.
3              Is there a claim in this case for -- under the
4  New York Minimum Wage Act and if not, will there be?
5              MS. BIEN:  There is a claim for unpaid overtime
6  under the New York Labor Law, yes.
7              THE COURT:  And is it -- so are we going to be
8  sending out a collective action notice and then a Rule 23
9  notice?
10             MS. BIEN:  Wendy, you seem like you wanted to
11 speak to that.
12             MS. MELLK:  Yes. Your Honor, this is Wendy
13 Mellk.
14             Plaintiff's counsel and defense counsel, if you
15 recall, have come to an agreement about trying to resolve
16 the case.
17             And the agreement is that we will -- defendants
18 agreed to allowing a 216(b) notice to go out to the
19 collective and whoever will opt in will opt in and then
20 the parties will attempt to resolve those claims.
21             And to the extent that anybody has a New York
22 labor law claim within that group that is not covered
23 under the 216(b) class -- I mean, let's say they've been
24 employed for five or six years, you know, obviously, we
25 would attempt to resolve that.

4

1           But for purposes of resolution, the parties have
2    agreed to resolve it on the basis of the collective only.
3           MS. BIEN:  That wouldn't be -- you know,
4    certainly if we are unable to resolve it, that's without
5    prejudice to plaintiff's right to seek Rule 23
6    certification --
7           MS. MELLK:  Correct.
8           MS. BIEN:  -- down the road, but I think at this
9    point we're in agreement in terms of the settlement
10   process; that we would just negotiate on the basis of an
11   opt in collective only and not seek a settlement on a
12   class wide basis at this point.
13          THE COURT:  It's a punitive class complaint.
14   There's a Rule 23 allegation in the pleading?
15          MS. BIEN:  Yes.
16          THE COURT:  So the defendant understands, I'm
17   sure, knowing who I'm talking to, you do --
18          MS. MELLK:  We do Your Honor.
19          THE COURT:  -- that the limitations period is
20   tolled under the Rule 23 practice, right?
21          MS. MELLK:  We understand.  We understand.
22          THE COURT:  Okay.
23          MS. MELLK:  And after much analysis and
24   evaluation we've decided to move forward in this manner
25   and the plaintiffs have agreed, and Ms. Bien is correct,

5

1 that our agreement to attempt resolution, which I believe
2 we had set out in prior correspondence to the court -- if
3 the parties are unable to resolve it, and we are hoping
4 that we can resolve it, certainly, the plaintiffs have the
5 right to move for the Rule 23 certification.
6         THE COURT:  Yes. I mean, I will tell you that
7 ordinarily I'm a little concerned about sending different
8 notices out to the same population.
9         MS. MELLK:  Well, as you can see in this notice,
10 this is really -- I mean, we've informed the parties that
11 we're attempting resolution of settlement.
12         So that's really, you know -- we have given up -
13 - "we," being the defendant, have given up the oppositions
14 that we had to the collective that we could have made had
15 a motion been made and so, therefore, this is the process
16 that we feel would best resolve it.
17         THE COURT:  Right.  Right.  Well, I'm inclined
18 to rely on your judgment in that regard but let me ask you
19 this question.
20         Let's assume for argument's sake we don't get to
21 a settlement and a Rule 23 class is certified and a notice
22 is distributed.
23         Would the notice be sent only to those who were
24 not recipients of the 216(b) notice or would the 216(b)
25 group get notice again because without a settlement they

1    now have a right to join a class, or not opt out of a
2    class.
3         MS. MELLK:  They would be in the class -- to
4    tell you the truth, I will be quite honest. I haven't
5    thought that far ahead.
6         I mean, certainly anybody who didn't get the
7    216(b) notice would get a notice and Ms. Bien and I have
8    had a history of being able to work things out.
9         So I'm sure we could deal with that issue if and
10   when we approach it.
11        THE COURT:  You know, I get together with non-
12   lawyers at family celebrations and it takes me five minute
13   to explain to them how O.J. could have been acquitted but
14   found liable, but I don't know how recipients of these two
15   notices are going to reconcile them.
16        MS. MELLK:  Well, I think anybody who didn't opt
17   in with respect to the 216(b) --
18        THE COURT:  Right.
19        MS. MELLK:  -- would get the notice just saying
20   you're part of the class.
21        THE COURT:  Right.
22        MS. MELLK:  You can opt out.
23        THE COURT:  But if you've opted in, presumably,
24   you don't need the notice because you'll allow them to
25   amend to bring the New York Minimum Wage Act case as a

1     named plaintiff.

2          MS. MELLK: They already have -- yes, they would
3 have that right.

4          THE COURT: All right.

5          MS. MELLK: Because the claims were tolled as of
6 --

7          THE COURT: Given the percentage of cases that
8 settle and the experienced, sophisticated counsel I'm
9 dealing with, and the thought you've put into it, we'll
10 put the Rule 23 problem aside.

11          I think that means that the only issue that's in
12 dispute is the reminder mailing, right.

13          MS. MELLK: Correct.

14          MS. BIEN: Yes.

15          THE COURT: And I've looked at Ms. Mellk's
16 letter and I've looked at the cases and I'm a little bit
17 unclear as to what confusion you're concerned about based
18 on what I conceive of.

19          In other words, I would agree that a reminder
20 notice from the court, or an official document like the
21 one that is proposed to be distributed, could be confusing
22 in that it looks like the court is urging the plaintiff to
23 opt in or join.

24          But I'm envisioning a letter from Ms. Bien's
25 firm saying we represent the plaintiffs in the Li v.

8

1    Health Plus case. You were sent a notice 30 days ago. This
2    is a reminder that the time to respond to the notice is 60
3    days.  We haven't heard from you yet.
4              If you are interested in participating, please
5    do not miss the deadline.
6              If something like that were sent out, why would
7    it create an appearance that the encouragement was coming
8    from the court?
9              MS. MELLK:  Well, first of all -- this is Ms.
10   Mellk.
11             That was not the proposal.  The proposal was to
12   sen out a notice.  So that's number one.
13             Number two, and Your Honor, I believe recognized
14   the fact that the notice itself would seem that the court
15   is encouraging it.
16             There just is no reason to send out another
17   letter. I mean, the presumption is is that the mail gets
18   the document there.  People open up their mail.
19             Ms. Bien and I just had a conversation about to
20   the extent that the third party administrator who's being
21   hired to send the notice -- I mean, it's not coming from
22   defense counsel, so the presumption is the mail gets
23   there.
24             To the extent that the third party administrator
25   cannot find the people, we are willing to give the Social

1      Security number and allow them to take reasonable measures
2      to locate people.
3              And frankly, I think that a letter coming from
4      plaintiff's counsel is almost like solicitation.  Come
5      join our lawsuit.
6              And then lastly, you know, because there is a
7      tolling of the limitations period with respect to New York
8      claim, I don't think -- there's just no prejudice and I
9      think that it is solicitation. It's along the line of come
10     join our lawsuit.  Come join our lawsuit.
11             The presumption is people get their mail, they
12     open their mail and they make a decision.  They read it.
13     It's written in plain language and they can call Ms.
14     Bien's firm if they have any questions.
15             THE COURT:  Yes.
16             MS. BIEN:  Your Honor, we wouldn't oppose the
17     mailing that you suggested, or that you described, even if
18     it's just a simple as saying that -- a reminder of the
19     deadline.  And, you know, simply just repeating that.
20             I mean, the truth is that I don't know of the
21     presumption that people get their mail, but, you know, the
22     reality is that so many people get form letters and junk
23     mail all the time and they don't open their mail and here,
24     you know, their rights are really at stake, especially if,
25     you know, essentially, there's an opportunity for them to

1  potentially negotiate a settlement for themselves.
2          We're not asking to extend any deadlines. We're
3  not asking to put any language in this reminder that is in
4  any way coercive or trying to urge people who are
5  reluctant to join to do so.
6          It's merely a reminder. It's merely just a check
7  that people actually open their mail and that they see it
8  and then they can make a decision whether or not they get
9  their notice in on time or they give us a call or not.
10         And I think this is why some courts have
11 recognized -- you know, it's just a protection and the
12 goal here -- you know, our goal is to make sure that
13 people actually know what their rights are and make an
14 informed decision.
15         And the reality is people get so much mail and
16 they don't open it. We just wanted to protect people as
17 much as we can. I think that we have an obligation to
18 these people that we do what we can to just let them know
19 what their rights are.
20         THE COURT: Thank you.
21         MS. BIEN: Sure.
22         MS. MELLK: Your Honor --
23         THE COURT: Yes. Go ahead.
24         MS. MELLK: You know, as the court noticed, or
25 noted, with the second mailing of the actual notice, I

1   mean, that is the court -- it's the appearance of the
2   court encouraging participation and I think that the
3   letter really is the same thing, because these are the --
4   I mean, I presume that there's not going to be an
5   inclusion of the notice within the letter --
6              THE COURT:  Right.
7              MS. MELLK:  -- but it's going to relate back to
8   the notice --
9              THE COURT:  Right.
10             MS. MELLK:  -- and it's going to say, you know,
11  come join.
12             And then they go to the notice and the notice
13  says right up front, a court authorized notice.
14             So I just think that the -- you know, the
15  appearance to lay people, as you noted, is that look. The
16  court's telling you here's lawyers, here's the court
17  telling you join this lawsuit. Join this lawsuit.
18             And it's not -- I don't know if there's any
19  distinction made in people's minds at that point between
20  the court and lawyers.
21             So I believe that you're not carrying the
22  prejudice that the court has noted and that we have
23  indicated we believe would be felt by our client.
24             THE COURT:  Thank you, everybody. I appreciate
25  the arguments from both sides, but I think the plaintiff's

12

1 argument is more compelling.
2 We're not only inundated with mailings and e-
3 mailings, and voice mailings.
4 We're inundated with deadlines and it's easy to
5 lose track of them and I don't want to see a plaintiff who
6 wants to opt in either misplace the notice or miss the
7 deadline because of the press of daily life.
8 On the other hand, I respect the defendant's
9 concern that all efforts that are reasonable be made, not
10 to create the impression that the court is encouraging
11 joining the lawsuit.
12 I think the use of a letter from counsel
13 addresses that concern.
14 I agree that the notice should not be enclosed
15 with the letter, but a phone number for questions, or an
16 additional copy of the notice could be.
17 And if defendant is concerned that a letter from
18 plaintiff's counsel appears like a solicitation, I don't
19 mind if the letter is a joint letter from counsel for both
20 side.
21 Moreover, plaintiff's counsel will have to draft
22 the proposed language and get the defendant's counsel to
23 approve it or bring a dispute about it to the court so
24 that the defendant has an opportunity to be heard with
25 respect to what the letter says before it goes out.

1           So that's how we'll deal with that.
2           MS. MELLK:  So, Your Honor, the notice will not
3     be included with the letter.
4           THE COURT:  Correct.
5           MS. MELLK:  Correct?
6           THE COURT:  Right.  But obviously if they need a
7     copy of the notice, there'll be a number to call. Okay?
8           MS. MELLK:  All right. So Ms. Bien will draft it
9     and send it over to me and I will look at it and see if we
10    can come up with joint letter.
11          THE COURT:  I do not see anything in the notice
12    that gives me pause.
13          Do you need anything more from me in terms of
14    anything with respect to the notice?
15          I suppose you'll talk to the third-party
16    administrator, agree upon a date when it can be mailed and
17    then insert the date on page 1?
18          MS. MELLK:  Yes, Your Honor.
19          MS. BIEN:  Yes, I think we can work that out.
20          THE COURT:  And that will probably be right
21    after the 1st of the year?
22          I think it would be foolish to send it out
23    between now and January 1st when it will get mixed up with
24    all the holiday solicitations.
25          MS. BIEN:  I agree, Your Honor.

14

1	THE COURT: Okay. What's our next event
2	together? Do we have a status date?
3	MS. MELLK: I don't think we have a status date.
4	What we had proposed to the court was that we would have
5	the opt in period and during that period of time the
6	parties would be conducting some limited discovery to
7	enable the parties to move forward with mediation.
8	THE COURT: Okay.
9	MS. MELLK: And then I believe we had asked for
10	an additional 30 days after the opt in period closed and
11	then we are going to -- well, Ms. Bien and I were just
12	talking. We're actually going to try to set a date for
13	mediation now --
14	THE COURT: Right.
15	MS. MELLK: -- probably in mid to late April.
16	THE COURT: And you're looking at a private
17	mediator?
18	MS. MELLK: We are, yes.
19	THE COURT: Okay. So why don't I ask you for a -
20	- I'll issue an order today approving the notice subject
21	to what we've discussed on the record, and we have been on
22	the record.
23	If you need the minutes, you can call my law
24	clerk, who is Ben Welikson at 718-613-2563, and he'll help
25	you order the minutes. And I'll ask you for a status

1       report by May 15th.

2                MS. MELLK:  Thank you, Your Honor.

3                MS. BIEN:  Thank you, Your Honor.

4                THE COURT:  Have a great holiday, everyone.

5                MS. MELLK:  You too.

6                MS. BIEN:  You too.

7                THE COURT:  Goodbye.

8           (Proceedings concluded at 11:48 a.m.)

9           I, CHRISTINE FIORE, Certified Electronic Court

10     Reporter and Transcriber and court-approved transcriber,

11     certify that the foregoing is a correct transcript from

12     the official electronic sound recording of the proceedings

13     in the above-entitled matter.

14

15     *Christine Fiore* (signature)

16     _____          December 28, 2010

17          Christine Fiore, CERT